OPINION OF THE COURT
Scott Fairgrieve, J.
Respondent Tina Beazer has moved this court to dismiss petitioner’s nonpayment proceeding pursuant to CPLR 3211 (a) (1) and (7) and RPAPL 741 because the rent being sought by landlord is illegal under the scheme of the Emergency Tenant Protection Act and its regulations.
Petitioner has commenced this nonpayment proceeding to recover $5,170.60 rent due from the tenant concerning 23B Jackson Court, Hempstead, New York. This apartment is subject to the Emergency Tenant Protection Act of 1974, as amended (ETPA).
*787 Tenant executed a one-year lease dated June 12, 2001 for the period of July 1, 2001 through June 30, 2002. The rent for the apartment was fixed at $1,473.14. The lease had a rent payment option rider which allowed the tenant to pay a discounted rent of $1,100 if the rent was paid before the 5th of each month. If payment was late, then the full regulated rent of $1,473.14 became due and payable. Payment made after the 10th of each month would incur a late charge. The rent payment option rider states:
“rent payment option rider
“the tenant(s), understand that the rent being charged for this apartment is $1,473.14 which is the legal regulated rent as established herein, and is the agreed upon monthly rent for the apartment premises.
“it is agreed, that should the tenant pay the monthly rent on or before the fifth [5th] day of the month in which it is due, the landlord, will agree to issue a credit in the amount of $373.14 for that particular month’s rent, and will accept the sum of $1,100.00 as full payment for the monthly rent. The above credit will apply to the actual apartment rent only, and will not apply to other monies due under the Lease as added rent.
“should, the payment of rent be received by the landlord after the fifth [5th] day of the month in which it is due, the full regulated rent in the amount of $1,473.14 becomes due and the tenant is not entitled to a credit of any kind.
“in addition, should payment be received by the landlord after the 10th of the month in which it is due, a late charge will be incurred based upon the legal regulated rent.”
In March of 2002, tenant extended the lease for an additional two years. This extension likewise contained a rent payment option rider which reads as follows:
“Upon renewal you are offered the option of renewing for one or two years at the following regulated rent:
“increased regulated rent monthly credit
“[If rent received by 5th of month]
$1,517.33 $384.33 T YEAR TERM
$1,546.79 $391.79 ‘2 YEAR TERM
*788 “it is agreed, that should the tenant pay the monthly rent on or before the fifth [5th] day of the month in which it is due, The landlord, will agree to issue a credit for that particular month’s rent, and will accept the following sum as full payment for the monthly rent. The above credit will apply to the actual apartment rent only, and will not apply to other monies due under the Lease as added rent.
“increased option rent increase per month
“1 YEAR TERM $1,133.00 $33.00
“2 YEAR TERM $1,155.00 $55.00
“should the payment of rent be received by the landlord after the fifth [5th] day of the month in which it is due, the full regulated rent as indicated above, and on page one (1) of this lease renewal, becomes due and the tenant is not entitled to a credit of any kind.”
Tina Beazer states in her affidavit (sworn to Apr. 2003) that even though she didn’t pay her December 2002, January 2003 and February 2003 rent until after the 5th of each month, she shouldn’t be charged with having to pay the “present legal regulated rent.” This argument is based upon the following:
“9. My rent for December 2002, January 2003 and February 2003 was paid after the 5th of each said month and I paid $1,155 for each said months and the petitioner accepted same.
“10. Prior to this proceeding, I had never been late with my rent so that I never was faced with the late payment that is now being charged to me in this proceeding.
“11. This rent credit scheme used to give me the preferential rent is not allowed under ETPA and is in violation of the ETPA and not enforceable.
“12. The late charges above the loss of said rent credit sought herein are not added rent under the lease and cannot be collected in this proceeding as there can be no possessory judgment thereon.”
Petitioner argues that the rent payment option was approved by the Division of Housing and Community Renewal (DHCR). Attorney Zagelbaum states in paragraph 14 of his affidavit (dated Apr. 14, 2003) that:
“14. It is important for this Court to know that this ‘rent credit’ policy was not one that Petitioner *789 thoughtlessly and unilaterally conceived. In fact, this policy was established over ten years ago, with the assistance of an attorney, and upon review and sanction by the DHCR. I personally communicated with officials from the DHCR as this policy was being formulated and I personally received confirmation from the DHCR that this policy [was] legal and enforceable. This policy has been in full force and effect without legal challenge or contradiction for over ten years.”
Petitioner claims that there are no DHCR or ETPA rules that preclude such a rent credit policy. Petitioner cites two Division of Housing and Community Renewal Office of Rent Administration Orders and Determinations to support its position. The September 6, 2002 order and determination states that the legal regulated rent should have been $1,321.84 and not $1,473.14. However, no overcharge was found because the tenant was charged a “Preferential Rent” of $1,100. The amended order and determination concerning this same issue states:
“Based on the evidence of record, the Base Date rent of $931.30 was increased to $1,321.84 per month, effective July 1, 2001, when the instant tenant took occupancy of the subject unit. This is the Legal Regulated Rent established by the Agency. All subsequent lawful increases must be based on this rent of $1,321.84 but not on $1,473.14 as claimed by owner. Therefore, the owner is directed to roll back the tenant’s Legal Regulated Rent and the Security Deposit amount to $1,321.84.
“However, it should be noted that the instant tenant’s vacancy/initial lease contains a clause that if the tenant regularly pays the rent by 5th of every month, then the collectible rent is $1,100.00, an ‘Option Rent’ as the owner claims.
“As shown on the attached ‘Rent Calculation Chart’, no evidence of overcharge is found in this proceeding.
“Therefore, it is ordered that the relief requested is denied, and/or this proceeding is terminated.”
Neither petitioner nor respondent has submitted any statutory case law or regulation to support their position. A review of the ETPA regulations by this court finds no specific regulation dealing with the subject.
*790 The Emergency Tenant Protection Regulations define preferential rent in 9 NYCRR 2501.2 as follows:
“§ 2501.2 Preferential Rents.
“Where the legal regulated rent is established and documented in a manner prescribed by the division, and a rent lower than such rent is charged and paid by the tenant, such lower rent shall be a preferential rent, which shall be subject to all adjustments provided by law and this Subchapter. Upon vacancy of the tenant who pays a preferential rent, the legal regulated rent shall be the legal regulated rent previously established by record within four years prior thereto, plus all intervening guidelines increases, plus such other rent increases as are authorized by law and this Subchapter.”
In Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal (283 AD2d 284 [1st Dept 2001]), the Court indicated that a landlord and tenant were free to negotiate the terms of a lease where less than the legally regulated rent is charged:
“In our view, as opposed to the interpretation sete forth by the DHCR, the above-cited provision does not dictate the exclusive point at which the legal regulated rent can be charged if a concession has been granted, and there is nothing in its terms which indicates such a restriction was intended. Rather, section 2521.2 (b) provides guidance in those situations where no written agreement controls and/or where the rent concession is open-ended or where the tenant, and possibly the landlord also, are unaware the rent being charged is not the maximum allowable. It was not intended, however, to obviate the terms of a lease agreement where both the landlord and the tenant are aware that the rent charged could, legally, be higher, but agree, for a limited period, under a specific set of circumstances, to allow the tenant to pay less.”
Thus this court rules that the rent charged by the landlord, Clinton Realty, whatever labeled, is legal and not violative of any state, local law, or regulation that this court is aware of. Thus the rent scheme set forth in the lease for the rent to increase if tenant does not pay timely is legal because the rent charged does not exceed the legal regulated rent for the apartment. The court notes that the DHCR in its amended order and determination, dated September 6, 2002, rules that *791 the legal regulated rent is $1,321.84 and not $1,473.14 as set forth in the lease.
Conclusion
Respondent’s motion to dismiss the petition is denied.